IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**NEIL LAMBKA,**

      **Petitioner,**

v.　　　　　　　　　　　　　　　　　　　　　　　Case No.: 2:23-cv-00221

**SUPERINTENDENT, South Central
Regional Jail and Correctional Facility[1],**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner's Petitions for a Writ of Habeas Corpus, (ECF Nos. 1, 11, 12),[2] and his Applications to Proceed Without Prepayment of Fees and Costs, (ECF Nos. 5, 9, 10). This case is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). After thorough consideration of the record, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** Petitioner's Petitions for a Writ of Habeas Corpus; **DENY** the Applications to Proceed Without Prepayment of Fees and Costs, as moot; and **DISMISS** and **REMOVE** this case and Case No. 2:23-cv-00225 from the docket of the Court. Because Petitioner clearly is not entitled to relief on his petitions, his Motion for the

---

[1] For the reasons previously provided, the Clerk is instructed to terminate the W.V.D.O.C, as a respondent in this civil action, leaving only the Superintendent as Respondent.

[2] Petitioner also filed a petition for habeas relief in consolidated Case No. 2:23-cv-00225 at ECF No. 2.

Appointment of Counsel, (ECF No. 2), is **DENIED**.

I. <u>**Relevant State Court Procedural History**</u>

From what little information was provided by Petitioner Neil Lambka ("Lambka") in his various petitions, the undersigned obtained records from the Clerk of the Circuit Court of Mineral County, West Virginia regarding two felony criminal cases filed in that county against Lambka. The first case, *State of West Virginia v. Neil David Lambka,* Case No. 17-F-103, charged Lambka with one count of felony fraudulent schemes, two counts of felony forgery, and two counts of felony uttering. *See* Indictment, *West Virginia v. Lambka,* No. 17-F-103 (Min. Cir. May 2, 2017), at Dkt No. 1-1. On May 3, 2019, Lambka pleaded guilty in that criminal case to one count of fraudulent schemes in exchange for dismissal of the remaining charges. *See* Plea of Guilty, *Id.,* at Dkt. No. 30-1. The guilty plea was part of a larger plea agreement in which the parties arranged for the plea to be conditional on the following terms: the Court would defer accepting the plea for one year and would reduce the charge to a misdemeanor if Lambka successfully completed one year of probation and paid all fees and restitution; he was placed on two years' probation with the right for release and reduction after six months. *See* Conditional Plea Order, *Id.,* at Dkt No. 34-1. The Court accepted the conditional plea and plea agreement on October 8, 2019. *Id.*

On March 25, 2020, a Violation Report was filed, charging Lambka with multiple violations of probation and requesting that he be arrested and detained. *See* Violation Report and Request for Hearing, *Id.*, at Dkt No. 51-1. The State made a motion to revoke Lambka's conditional plea and to adjudicate on the original charge. *See* Motion to Revoke Conditional Plea, *Id.,* at Dkt. No. 52-1. On August 20, 2020, the Circuit Court of Mineral County held a hearing on the probation violations and revoked Lambka's conditional plea.

*See* Order, *Id.,* Dkt No. 71-1. He was adjudicated on the felony offense of fraudulent schemes, punishable by not less than one nor more than ten years in the state penitentiary, and scheduled for sentencing. *See* Order, *West Virginia v. Lambka,* No. 17-F-103 (Min. Cir. May 2, 2017), at Dkt No. 71-1. Lambka was sentenced on October 15, 2020 to not less than one year nor more than ten years and was committed and transferred to the custody of the West Virginia Division of Corrections and Rehabilitation. *See* Sentencing Order, *Id.,* at Dkt No. 73-1.

The second criminal case, *State of West Virginia v. Neil David Lambka,* Case No. 21-F-2, charged Lambka with two counts of felony first degree arson. *See* Indictment, *West Virginia v. Lambka,* No. 21-F-2 (Min. Cir. Jan. 12, 2021), at Dkt No. 1-1. On November 29, 2021, the State and Lambka advised the Court that they had entered into an agreement whereby Lambka would plead guilty to one count of first degree arson, and they would jointly request a determinate sentence of four years to run concurrently with his sentence in the probation violation case, Case No. 17-F-103. *See* Plea and Sentencing Order, *Id.,* at Dkt No. 33-1. On December 14, 2021, the Court accepted the plea agreement, adjudged Lambka guilty of first degree arson, sentenced him to four years' imprisonment to run concurrent with his sentence in Case No. 17-F-103, and gave him credit for certain periods of time served. *Id.* According to the docket sheets, Lambka did not appeal the conviction or sentence in either criminal case. Moreover, the Clerks of the West Virginia Supreme Court of Appeals and the Intermediate Court of Appeals confirmed that Lambka has never been a party of record in either of those courts.

## II. **Relevant Federal Court Procedural History**

On March 21, 2023, Lambka filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court, assigned Case No. 2:23-cv-00221. He named "W.V. Parole" as

Respondent and stated his claim as follows: "I'm sitting here on no records found by anyone my ex emplorer [sic], Charleston Housing, my old lawyers office." (ECF No. 1 at 1, 6). Lambka did not provide any supporting facts. For relief, he asked to be released to parole and to be awarded $1000 per day for his pain and suffering. (*Id*. at 7). Two days later, Lambka filed another petition under § 2241 in this Court, assigned Case No. 2:23-cv-00225. *See Lambka v. W.V.D.O.C.,* Case No. 2:23-cv-000225, at ECF No. 2. In that petition, he named the West Virginia Division of Corrections and Rehabilitation as Respondent and explained that he was challenging a "parole violation." *Id*. at 1-2. As grounds for his challenge, Lambka stated the following: "because no one can find any of my records since 2017 like S.S. office, Charleston Houseing [sic] my lawyers from Romney WV." *Id*. at 6. Again, he did not provide any supporting facts in the petition, and, this time, he did not request any particular relief.

  Lambka's two petitions were referred to the undersigned, and on March 30, 2023, they were consolidated, with the instant action designated as the lead case. (ECF Nos. 7, 8). Because a preliminary review of the petitions revealed that they were woefully inadequate, Lambka was given an opportunity to amend his petition to provide more information and explain his claim. (ECF No. 8). Pursuant to the Court's Order, Lambka submitted two more form petitions—one seeking habeas relief under § 2241 and one seeking relief under § 2254. (ECF Nos. 11, 12).

  In the first petition, Lambka states no grounds for habeas relief and no supporting facts, but indicates that he is challenging a "parole violation," stating "they want me to [sic] prison to take classes." (ECF No. 11 at 2). He requests no particular relief. In the second petition, Lambka provides more information about his underlying state criminal cases, but when he is asked to articulate the grounds for his federal habeas petition he

states: "my charges was not reported." (ECF No. 12 at 5). He adds as supporting facts, "When I went to get in housing my charges was not reported." (*Id*.). Later in the petition, he provides an additional explanation, stating: "my cases was never reported by min county so I could get in housing so I wouldn't have forgotten any important dates like seeing parole, and since they wasn't reported I couldn't get in housing." (*Id*. at 14). However, Lambka does not specify the relief that he is seeking from the Court.

### III. Standard of Review

As a preliminary matter, the undersigned notes that Lambka has filed three petitions under 28 U.S.C. § 2241 and one petition under 28 U.S.C. § 2254. Lambka is currently incarcerated in a West Virginia correctional facility pursuant to two West Virginia judgments. The United States Court of Appeals for the Fourth Circuit has indicated that all federal habeas petitions brought by convicted state prisoners should be construed as § 2254 petitions and are subject to the various limitations that apply to § 2254. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("[F]ederal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence."). Accordingly, regardless of which section Lambka has chosen, his petitions will be considered under § 2254.

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in State custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standard set forth in § 2254(d), which

5

provides that the habeas petition of a person in State custody "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim" is:

(1) contrary to, or involves an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Moreover, the factual determinations made by the state court are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Thus, when reviewing a petition for habeas relief, the federal court uses a "highly deferential lens." *DeCastro v. Branker*, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." *Thomas v. Davis*, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have separate and independent meanings. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." *Lewis v. Wheeler*, 609 F.3d 291, 300 (4th Cir. 2010) (quoting *Williams*, 529 U.S. at 405) (internal quotations omitted). The district court may grant a habeas writ under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme]

6

Court's cases but unreasonably applies it to the facts of the particular case." *Id*. at 300–01 (internal marks omitted). Accordingly, the AEDPA limits the federal habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. A federal court may not issue a writ under this standard "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 365.

## IV. Discussion

### A. Failure to State a Cognizable Claim

Petitions filed under 28 U.S.C § 2254 must comply with the Rules Governing Section 2254 Cases in the United States District Courts. In the present case, there are two rules that mandate the summary dismissal of Lambka's petitions. First, Rule 2(c) of the Rules Governing Section 2254 Cases provides that every petition for a writ of habeas corpus **must** "specify all the grounds for relief available to the petitioner"; "state the facts supporting each ground"; and "state the relief requested." Rule 2(c), 28 U.S.C.A. foll. § 2254. As not one of Lambka's petitions satisfies all three of these requirements, the undersigned **FINDS** that this deficiency alone is a basis for dismissing Lambka's petitions. *See Arega v. Warden, Chillicothe Corr. Inst.*, 347 F. Supp. 3d 359, 361 (S.D. Ohio 2018) (collecting cases).

Furthermore, Rule 4 of the Rules Governing Section 2254 Cases provides in relevant part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. *If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition* and direct the clerk to notify the petitioner.

7

Rule 4, 28 U.S.C.A. foll. § 2254 (emphasis added). A federal writ of habeas corpus "may only be granted for violations of the Constitution or laws of the United States." *Bridgeford v. Bohrer*, No. CV GLR-22-159, 2022 WL 17740403, at *2 (D. Md. Dec. 16, 2022). Absent such violations, a federal habeas petitioner fails to state a cognizable claim for relief. *Id.* (citing *Wilson v. Corcoran*, 562 U.S. 1, 1 (2011)).

Lambka's four petitions apparently challenge the revocation of his conditional guilty plea in Case No. 17-F-103, which was based upon his probation violations. He implies that the violations occurred because an error was made with his court records that prevented him from obtaining housing. While Lambka's petitions are so lacking in fact as to be nearly incomprehensible, what little tidbit of information he does provide suggests that his claim is not cognizable in a federal habeas petition. Even assuming that a government or court official was obligated under West Virginia law to report Lambka's charges to some database accessible to the housing authority, but failed to do so, and that failure somehow affected Lambka's ability to secure housing while he was on probation, such a failure does not rise to the level of a federal violation. Without *some* showing that he is in custody in violation of the United States Constitution or federal law, Lambka cannot proceed with his petitions.

Lambka simply does not supply any factual allegations or grounds that demonstrate a colorable claim under § 2254. Therefore, the undersigned **FINDS** that he is plainly not entitled to relief in this Court, and his petitions should be summarily dismissed.

### *B. Exhaustion of State Remedies*

In addition to the facial deficiency of the petitions, Lambka's habeas actions should

be dismissed because he has failed to exhaust his state court remedies. Before a state prisoner can bring a § 2254 petition in federal court, the prisoner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity." *Preiser v. Rodriguez*, 411 U.S. 475, 491, (1973). In order to comply with the exhaustion requirement, a petitioner must have offered the state an adequate "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation omitted). While it is unnecessary to cite "book and verse on the federal constitution," the petitioner must first present the "substance of a federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citations omitted). In West Virginia, prisoners may exhaust their available state court remedies either by presenting cognizable federal constitutional claims in a direct appeal to the Supreme Court of Appeals of West Virginia ("WVSC"), or by pursuing such claims in a petition for a writ of habeas corpus in a state circuit court under West Virginia Code § 53-4A-1 and appealing any adverse ruling by filing a petition in the WVSC. *See Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545-46 (S.D.W. Va. 1986). In general, a district court may not review a federal habeas petition unless there has been "total exhaustion" by the state courts of the presenting claims. *Rose v. Lundy,* 455 U.S. 509, 522 (1982). Therefore, when a petitioner fails to exhaust state court remedies, his federal habeas petition typically is dismissed. *See Preiser,* 411 U.S. at 477.

Here, Lambka admits in each of his four petitions that he did not exhaust state court remedies as to the single ground he raises. In addition, the docket sheets of his two state criminal actions reflect that he did not appeal his convictions or sentences, and he has never been a party in either West Virginia appellate court. Lambka provides no explanation for his failure to exhaust. (ECF No. 12 at 5-6). Based upon the undisputed record, the undersigned **FINDS** that Lambka has not exhausted his state court remedies, because he has not appealed his criminal convictions or sentences, nor has he filed any post-conviction motions or petitions in state court. Accordingly, Lambka's petitions in this Court should be dismissed for failure to exhaust state court remedies.

### V.  Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petitions for a Writ of Habeas Corpus, (ECF Nos. 1, 11, 12), be **DENIED**; the Applications to Proceed Without Prepayment of Fees and Costs, (ECF Nos. 5, 9, 10), be **DENIED**, as moot; and this case and Case No. 2:23-cv-00225 be **DISMISSED** and **REMOVED** from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made

and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** June 22, 2023

Cheryl A. Eifert
United States Magistrate Judge